EDWARDS, Judge.
On August 27, 1979, plaintiffs, Lucinda H. Beauchamp, George W. Beauchamp and Henry Louis Beauchamp, sold certain property located in East Baton Rouge Parish to defendants, Albert L. Ringgold and Wil-metta Amos Ringgold, with the sale being recorded on August 29, 1979. The property sold was separate rather than community and was owned in indivisión by Mrs. Beauchamp and her two sons, one of whom, Henry, was married.
In order to finance the purchase, the Ringgolds, also on August 27, 1979, mortgaged the property to be purchased to Fidelity Loan & Mortgage, Inc., with the mortgage being recorded on August 29, 1979.
Mr. Ringgold, on or about August 30, 1979, commenced some minor cleaning and clearing of his new property. Shortly thereafter, it was learned that, because the property sold was found to be somewhat rural, Fidelity Loan & Mortgage would not lend as much to the Ringgolds as had earlier been discussed and contemplated. Unable to get additional financing elsewhere, the Ringgolds had no choice but to resell the property to the Beauchamps. The resale took place September 10, 1979, and was recorded on September 12, 1979. Again, no funds changed hands, the intent of all being to restore the property’s status to that of August 26, 1979.
Sometime prior to September 21, 1979, it was noted that Henry Beauchamp was married to Mary Lee Braxton Beauchamp and that, to make clear that the property resold by the Ringgolds was still separate, an act of correction should be signed by Mary Lee, indicating the separate nature of the property. An act of correction was prepared but never submitted to Mary Lee, *998 despite testimony by her husband that had he presented the act to her, he didn’t “think for one minute that she would have refused to sign it if I had asked her.”
Claiming damages in tort and loss of merchantability due to a cloud on title, plaintiffs brought suit against the Ring-golds, Fidelity Loan & Mortgage, Inc., George R. Covert, the attorney before whom the original sale had been passed, and Northbrook Excess and Surplus Insurance Company, Covert’s insurer.
Following trial, the district judge found that plaintiffs had failed to prove either negligence or malpractice, had failed to prove any damages, and had intentionally, by refusing to permit corrective action, failed to mitigate any damages they did suffer, none having been established. In addition, the district judge noted he did not find any cloud on title, that all parties understood the resale to be an attempt to put all parties in their original positions, and that the property in question was, as a matter of law, separate property. The case was dismissed at plaintiffs’ costs. Specifying various errors, all objecting to the trial court’s basic reasons and adverse decision, plaintiffs appeal. We affirm.
A careful reading of the record and examination of the exhibits convinces us that the plaintiffs were in no way harmed, that there are no title problems, and that even if there were any title problems, such would have been solved long-ago were it not for plaintiffs’ obstinate refusal and apparent desire to litigate. Clearly, this case was beneath the majesty of the law and should not have been brought. Clearly, too, the incisive oral reasons for judgment delivered from the bench were absolutely correct.
For the foregoing reasons, the judgment appealed is affirmed. All costs, both trial and appellate, are to be paid by Lucinda H. Beauchamp, George W. Beauchamp and Henry Louis Beauchamp.
AFFIRMED.